UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB CURTIS ALLEN HELM,<br><br>  Plaintiff,<br><br>  v.<br><br>MADERA COUNTY, et al.,<br><br>  Defendants. | Case No.: 1:22-cv-00423 JLT SKO (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT WITHOUT PREJUDICE**<br><br>(Doc. 11) |

Plaintiff Jacob Curtis Allen Helm, proceeding *pro se* and *in forma pauperis*, initiated this civil rights action pursuant to 42 U.S.C. § 1983 as a county jail inmate. Plaintiff is presently confined at Atascadero State Hospital.

On June 23, 2022, Plaintiff filed a document titled "Motion: Request Ammending [sic] defendants." (Doc. 11.) Plaintiff seeks to amend the named defendants in the complaint "from 'Madera County, et al.,' to simply 'Madera County, California.'" (*Id*. at 1.) Plaintiff makes the request because he feels it "is in the best interests of the Courts for a swift, just, and inexpensive determination in this case" and "to ease the burden of the Courts." (*Id*.) Plaintiff states he understands his request "will be the simplest and most effective approach for service of summons." (*Id*. at 2.)

//

//

**I.     DISCUSSION**

Plaintiff's original complaint, filed on April 12, 2022, names the following Defendants: "Madera County California," "The State of California," and "Madera County Jail/Department of Corrections." (Doc. 1 at 1, 2.) The complaint has not yet been screened. *See* 28 U.S.C. § 1915A(a).

Plaintiff appears to be requesting to amend his complaint to name only a single defendant—Madera County, California—to expedite service of process of his complaint. Plaintiff is entitled to file an amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(1) once as a matter of course, and without the necessity of a court order. Should Plaintiff elect to amend his complaint, he must submit an amended complaint for filing. Plaintiff is informed that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Thus, an amended complaint must be "complete in itself without reference to the prior or superseded pleading." *See* Local Rule 220. However, Plaintiff is cautioned that the amendment he appears to seek will not result in immediate service of process of the complaint in this action.

As Plaintiff was advised in the First Informational Order In Prisoner/Civil Detainee Civil Rights Case, issued April 12, 2022, this Court "is required to screen complaints brought by prisoners seeking relief against a government entity or officer or employee of a governmental entity." (Doc. 3 at 3 [III. SCREENING OF COMPLAINTS].) Until the Court has screened the complaint and determined Plaintiff has stated a cognizable claim or claims against properly named defendants, service of process will not be ordered. (*Id.*)

As noted above, Plaintiff's complaint has not yet been screened. The Court is *required* to screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915A(a). The Court will direct service of process only after Plaintiff's complaint has been screened and found to state cognizable claims for relief. Once the complaint is screened and found to have stated a cognizable claim against any defendant, the Court will provide Plaintiff with any further instructions regarding service of process—Plaintiff need not request service.

Plaintiff is advised this Court is one of the busiest district courts in the nation. There are

hundreds of *pro se* prisoner complaints awaiting screening by the Court and delays are inevitable. Plaintiff's complaint will be screened in due course.

## II.   CONCLUSION AND ORDER

For the reasons given above, Plaintiff's motion filed June 23, 2022 (Doc 11) is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **July 28, 2022**                                        /s/ *Sheila K. Oberto*                
                                                                UNITED STATES MAGISTRATE JUDGE