UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB CURTIS ALLEN HELM,<br><br>Plaintiff,<br><br>v.<br><br>MADERA COUNTY, et al.,<br><br>Defendants. | Case No.: 1:22-cv-00423 JLT SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO PROSECUTE AND TO OBEY COURT ORDERS**<br><br>**14-DAY OBJECTION PERIOD** |

Plaintiff Jacob Curtis Allen Helm, proceeding *pro se* and *in forma pauperis*, initiated this civil rights action pursuant to 42 U.S.C. § 1983 as a county jail inmate.

**I.     RELEVANT BACKGROUND**

Plaintiff filed his original complaint on April 12, 2022, accompanied by a motion to proceed *in forma pauperis* (IFP). (Docs. 1 & 2.)

On May 2, 2022, the Court granted Plaintiff's IFP motion. (Doc. 9.) Following service of that Order, a docket entry of May 10, 2022, reflects the Order was returned by the United States Postal Service marked "Undeliverable, Not in Custody."

On May 12, 2022, Plaintiff filed a Notice of Change of Address, from the Madera County Jail to Atascadero State Hospital. (Doc. 10.)[1]

---

[1] A subsequent docket entry of the same date indicates the Clerk of the Court re-served the order granting

On June 23, 2022, Plaintiff filed a document titled "Motion: Request Ammending [sic] defendants." (Doc. 11.)

On July 29, 2022, the undersigned issued an Order denying Plaintiff's motion to amend the complaint without prejudice. (Doc. 12.) The Order was served on Plaintiff by mail at the address on file with the Court.

On August 15, 2022, the docket reflects the Order previously served upon Plaintiff on July 29, 2022, was returned by the United States Postal Service marked "Undeliverable, Not at Facility."

## II. DISCUSSION

Plaintiff is required to keep the Court apprised of his current address at all times. Local Rule 183(b) provides:

> **Address Changes.** A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

Federal Rule of Civil Procedure 41(b) also provides for dismissal of an action for failure to prosecute.[2]

According to the Court's docket, Plaintiff's address change was due no later than October 18, 2022. It has been 63 days since the last mail directed to Plaintiff was returned to the Court marked as undeliverable. Plaintiff has failed to file a change of address and has not otherwise been in contact with the Court. Therefore, Plaintiff has failed to comply with this Court's Local Rules and has failed to prosecute this action.

"In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public

---

IFP; that order was also returned, on May 20, 2022, marked "Undeliverable, RTS-Unable to Forward. Reservice was again made on May 23, 2022, as reflected the docket entry of that date.

[2] Courts may dismiss actions sua sponte under Rule 41(b) based on the plaintiff's failure to prosecute. *Hells Canyon Pres. Council v. U. S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (citation omitted).

2

1  policy favoring disposition of cases on their merits; and (5) the availability of less drastic
2  sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks &
3  citation omitted); *accord Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010); *In re*
4  *Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006).
5  These factors guide a court in deciding what to do and are not conditions that must be met in
6  order for a court to take action. *In re PPA*, 460 F.3d at 1226 (citation omitted).

7  Plaintiff's failure to file a notice of change of address after July 29, 2022, weighs in favor
8  of dismissal, especially since he previously advised the Court of a prior address change. (*See* Doc.
9  10 [from Madera County Jail to Atascadero State Hospital].) Given the Court's inability to
10 communicate with Plaintiff, there are no other reasonable alternatives available to address
11 Plaintiff's failure to prosecute this action and his failure to apprise the Court of his current
12 address. Thus, the first and second factors — the expeditious resolution of litigation and the
13 Court's need to manage its docket —weigh in favor of dismissal. *Carey*, 856 F.2d at 1440-41;
14 *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *In re PPA,* 460 F.3d at 1227.

15 The third factor, risk of prejudice to defendant, also weighs fairly in favor of dismissal
16 since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an
17 action. *See Anderson v. Air W*., 542 F.2d 522, 524 (9th Cir. 1976). Here, while no defendant has
18 appeared in this action, the case has been pending for more than six months. Thus, the third factor
19 also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440-41.

20 The fourth factor usually weighs against dismissal because public policy favors
21 disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However,
22 "this factor lends little support to a party whose responsibility it is to move a case toward
23 disposition on the merits but whose conduct impedes progress in that direction." Plaintiff has not
24 moved this case forward toward disposition on the merits. He has instead stopped communicating
25 with the Court altogether. *In re PPA*, 460 F.3d at 1228. Therefore, the fourth factor also weighs in
26 favor of dismissal. *Carey*, 856 F.2d at 1440-41.

27 Finally, the Court's warning to a party that failure to obey the court's order will result in
28 dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d 1258,

3

1262 (9th Cir. 1992); *Malone*, 833 F.2d 128, 132-33 (9th Cir. 1987); *Henderson*, 779 F.2d at 1424. In this Court's First Informational Order In Prisoner/Civil Detainee Civil Rights Case, issued April 12, 2022, Plaintiff was warned that a "pro se plaintiff must keep the Court and opposing parties informed of the party's correct current address," citing Local Rule 182(f). (*See* Doc. 3 at 5.) The Order further warned that if "a pro se plaintiff's address is not updated within sixty-three (63) days of mail being returned as undeliverable, the case will be dismissed for failure to prosecute," citing to Local Rule 183(b). (*Id*.) Plaintiff was familiar with this obligation as demonstrated by his previous notification to the Court of an address change. (*See* Doc. 10). Thus, the undersigned finds Plaintiff had adequate warning that dismissal could result from his noncompliance with a Court order and this Court's local rules. In sum, the fifth factor weighs in favor of dismissal. *Ferdick*, 963 F.2d at 1262; *Carey*, 856 F.2d at 1440-41.

### III.   CONCLUSION AND RECOMMENDATION

The Court HEREBY RECOMMENDS that this action be dismissed, without prejudice, based on Plaintiff's failure to prosecute this action and failure to keep the Court apprised of his current address. Fed. R. Civ. P. 41(b); Local Rule 183(b).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, under the provisions of 28 U.S.C. § 636(b)(l).  **Within 14 days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 31, 2022**              /s/ *Sheila K. Oberto*
                                              UNITED STATES MAGISTRATE JUDGE